McCOMB, Administrator of Wage and Hour Division, U. S. Department of Labor, v. EIMCO CORPORATION.

Civil Action No. 1542.

United States District Court
D. Utah. Central Division.

April 19, 1949.

William S. Tyson, Sol., U. S. Department of Labor, Washington, D. C., Kenneth C. Robertson, Regional Atty., and James F. Scott, Atty., Office of the Solicitor, U. S. Department of Labor, San Francisco, Cal., for plaintiff.

Peter W. Billings and Willis W. Ritter, both of Salt Lake City, Utah, for defendant.

JOHNSON, District Judge.

This cause having come on regularly for trial before the Honorable Tillman D. Johnson on March 10, 1949, at Salt Lake City, Utah, the plaintiff being represented by Mr. James F. Scott, Office of the Solicitor, United States Department of Labor, and the defendant being represented by Messrs. Peter W. Billings and Willis W. Ritter, Salt Lake City, Utah; whereupon testimony and evidence having been introduced on behalf of the parties at the trial and oral arguments having been duly had and considered; and the Court, having rendered its decision on March 10, 1949, and being fully advised in the premises, makes and adopts the following findings of fact and conclusions of law:

### Findings of Fact

1. The plaintiff instituted this action to enjoin the defendant from violating the provisions of Section 15(a)(1), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C., sec. 201, 29 U.S.C.A. § 201, hereinafter called the Act.

2. The defendant is a Utah corporation with its principal office and manufacturing plant located at 634 South Fourth West, Salt Lake City, Utah, where it employs approximately 226 employees in the production of filters and mining equipment, substantially all of which is sold and shipped in interstate commerce. The defendant also has a branch office located in Chicago, Illinois.

3. The defendant maintains engineering departments at its Salt Lake City and Chicago offices for the making of plans. At Salt Lake City, Mr. Thomas Anderson is chief engineer and has supervision over the whole engineering department at such place. Under him as subordinates are Mr. Daniel M. Schwartz, in charge of the mining section; Mr. L. M. Cross, in charge of the tool design section; and Mr. Kent Leroyd Davis, in charge of the filter section. Each of these latter three in turn has supervision over various employees assigned to their respective sections.

Kent Leroyd Davis has supervision over Messrs. David Franklin Davis, Watura Misaka, and Charles Harvey McConnell. All four of these employees in the filter section receive salaries in excess of $200 per month and work forty-four (44) hours per week. The issue in this case is whether Kent Leroyd Davis is exempt from the overtime requirements of the Act as an administrative or professional employee and whether Charles Harvey McConnell is exempt from the overtime requirements of the Act as a professional employee. At the trial, the defendant conceded that David Franklin Davis and Wataru Misaka are not exempt as professional employees, and that, effective March 7, 1948, they had been placed on an overtime basis.

4. As the name implies, the filter section makes plans for filters. In making a plan, it is first necessary to create an original design or layout or to revise existing designs or layouts to meet the particular specifications or requirements of the particular filter ordered. This involves the application of original and creative imagination, skill and knowledge of an advanced type in the field of mechanical engineering and metallurgy and requires the exercise of discretion and judgment in its performance. It is work of such character that the output produced or the result accomplished cannot be standardized in relation to a given period of time.

After the basic design or layout has been created, it is detailed, which is the filling in of the basic design or layout by making routine, obvious, or directed insertions to complete the plan, and involves the application of intelligence, diligence, accuracy, and mathematics as distinguished from the constant exercise of discretion and judgment in its performance. Detailing does not involve principles of mechanical engineering but can be performed by a person skilled in drafting and with a knowledge of mathematics.

5. Basically, the functions of all filters are the same. During parts of 1946 and 1947, the filter section designed a new laboratory filter, but primarily the work of the filter section is adapting or improving prior plans to fit the specifications and requirements of subsequent orders. Such adapting and improving require designing in various degrees, depending upon the particular case. The design is then detailed and the completed plan is sent to the production department.

6. Seventy-five per cent of the filter orders are received at the Chicago office, and twenty-five per cent are received at the Salt Lake City office. The Chicago office prepares the complete plans for fifty per cent of its filter orders. The Salt Lake City filter section prepares the plans for the remainder of the Chicago orders, in addition to its own orders. When the plans completed in the Chicago office are received in Salt Lake City, Kent Leroyd Davis checks the plans before sending them to the production department.

7. The design work in the Salt Lake City filter section is performed by Kent Leroyd Davis and Charles Harvey McConnell. In addition, both of these employees perform detailing, part of which is incidental to their own designing and part of which is not. Wataru Misaka, a mechanical engineer graduate of the University of Utah, testified that he performs no designing but spends one hundred per cent of his time detailing designs created by Kent Leroyd Davis and Charles Harvey Mc-

Connell. Also, Kent Leroyd Davis and Charles Harvey McConnell check the finished plans prepared in the filter section. At the trial, Kent Leroyd Davis and Charles Harvey McConnell could not testify as to the amount of detailing they perform which was not incidental to their own designing, and specifically the defendant did not prove that their hours of work of the same nature as that performed by nonexempt employees did not exceed twenty per cent of the hours worked in the workweek by nonexempt employees.

8. After the filter plan is completed in Salt Lake City or when a completed filter plan is received from Chicago, Kent Leroyd Davis prepares bills of material for the necessary parts and materials before the plan is sent to the production department. The defendant may have the parts in stock or the parts may have to be ordered from others or manufactured by the defendant. So far as possible, the parts are the same as those called for by the prior plan before it was redesigned. However, Kent Leroyd Davis considers the most effective utilization of alternative parts and also determines what other parts and materials are required by the redesigning. In supervising the affairs of the filter section, Kent Leroyd Davis may report directly to Mr. Joseph Rosenblatt, the President of the Company. He assigns the work to be done by this section and checks the drawings and plans prepared before submitting them to the production department. The defendant did not bring out at the trial whether such work is performed by Mr. Davis during each workweek.

9. Prior to March 7, 1949, the defendant employed the following employees for forty-four (44) hours per week and paid them straight monthly salaries of $200 or more: Lynn E. Lance, Leon Peterson; Richard F. Knudsen; and Floyd E. Werner. At the trial, the defendant conceded that these employees in their present capacity are not exempt from the Act and stated that, effective March 7, 1949, they had been put on an overtime basis.

10. The defendant has not made, kept, and preserved records of the hours worked by the aforesaid employees and by its office employees.

## Conclusions of Law

■ 1. The Court has jurisdiction of the parties and the subject matter of this action.

■ 2. The aforesaid employees are engaged in the production of goods for interstate commerce and in processes and occupations necessary thereto.

■ 3. The preparation of bills of material and work incidental thereto performed by Kent Leroyd Davis is exempt administrative work under the Administrator's Regulations, Part 541 promulgated under Section 13(a)(1).

■ Also designing and detailing which is an essential part thereof and necessarily incident thereto and the checking of plans, as performed by Kent Leroyd Davis and Charles H. McConnell, are exempt professional work under said Regulations. However, detailing, which is not performed as an essential part of and necessarily incident to one's own designing, is not exempt work under the professional definition contained in said Regulations, and Kent Leroyd Davis and Charles Harvey McConnell are not exempt as being employed in a bona fide professional capacity during workweeks when their hours of detailing of the same nature as that performed by nonexempt employees and which is not an essential part of and necessarily incident to their own designing, exceed twenty per cent of the hours worked in the workweek by the nonexempt employees.

■ During any workweek when Kent Leroyd Davis performs both administrative and professional work, but during which workweek he performs no nonexempt detailing whatsoever, he is exempt as a combination administrative and professional employee.

■ 4. The aforesaid employees have been employed by the defendant in violation of the overtime requirements of the Act.

5. The defendant has not made, kept, and preserved records of the aforesaid employees and of its office employees, as required by the Act and Regulations, Part 516 issued by Administrator thereunder.

6. The defendant has violated Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the Act.

7. By reason of the foregoing, the plaintiff is entitled to a judgment permanently enjoining and restraining the aforesaid violations of the Act.